EQUITABLE DEVELOPMENT CORP. *v.* V & L CONSTR. CO., ET AL.

(No. 22288—Decided April 29, 1965.)

*Messrs. Jackman & Nichols*, for plaintiff.
*Mr. Roscoe G. Hornbeck*, for defendants.

BAYNES, J. The facts of this case are these: plaintiff executed and delivered to defendant V & L Construction Company on October 6, 1961, a deed for a certain lot in Madison County. V & L at the same time executed and delivered a purchase money mortgage describing the certain lot. There are no defects in either instrument.

Plaintiff on October 10, 1961, filed its mortgage for record with the County Recorder of Madison County and it was recorded. Defendant V & L filed its deed for record with the County Recorder on October 24, 1961, which was 17 days following execution and delivery and 13 days following the filing of the purchase money mortgage.

Defendant V & L constructed a house on the lot, which premises were conveyed by warranty deed to William J. and Patricia Haag on July 23, 1962, filed in the Recorder's office on August 11, 1962. Defendants Haag executed a mortgage to

defendant Toledo Home Mortgage Company, on the deed date, July 23, 1962, filed in the Recorder's office August 13, 1962. The mortgage was subsequently assigned to the defendant Toledo Trust Company by the Mortgage Company.

The plaintiff seeks judgment on defendant V & L's delinquent note, foreclosure of its mortgage and marshalling of liens.

The sole question of the case as we view it is this: Is a purchase money mortgage, executed concurrently with execution of a deed, recorded 13 days prior to recording of the deed notice to the world of the mortgagee's lien on the premises?

The defendants Haag and the Mortgage Company contend that October 24, 1961, the date V & L's deed was filed for record was the date they were put on notice as to V & L's ownership of the premises. That plaintiff could have no status as a mortgagee prior to that date.

Section 5301.25, Revised Code, provides for the recording of instruments. With respect to deeds it provides that until so recorded or filed they are fraudulent as to a subsequent *bona fide* purchaser without knowledge of a prior unrecorded deed at the time of purchase.

It was stated in *Dow* v. *Union National Bank* (1912), 87 Ohio St. 173, 181:

" * * * This provision of the statute must be accepted *as exclusively defining the consequences* which follow a failure to file a deed for record, * * *. That a deed thus remaining unrecorded is not deemed fraudulent as to persons other than subsequent *bona fide* purchasers without notice was held by this court in *Wright* v. *Franklin Bank,* 59 Ohio St. 80." (Emphasis added.)

Much earlier it was held that delivery of a deed by the grantor and acceptance of the same by the grantee, *eo instanti,* passes title to the grantee, so far as the grantor is capable of conveying it. *Baldwin* v. *Bank of Massillon* (1853), 1 Ohio St. 141, 148.

In order to sustain defendant's claim of invalidity of plaintiff's prior mortgage lien the contention would have to be made that plaintiff's mortgage is on after-acquired property. Defendants, in effect, make this contention when they argue that prior to October 24, 1961, plaintiff was the owner of record and could have no status as a mortgagee. Title of the premises

passed from plaintiff to defendant V & L on October 6, 1961, when the deed was executed, delivered and accepted. *Eo instanti* defendant V & L had an estate which it had the power to, and did, mortgage to the plaintiff.

It was then incumbent on plaintiff by virtue of Section 5301.23, Revised Code, to file its mortgage in order to have preference over any other lien which might or could take precedence. Until plaintiff's lien was filed, between October 6 and October 10, 1961, two things might have happened. First defendant V & L had the power to convey the premises to a *bona fide* purchaser without notice. Its security would then have been lost to plaintiff. Second, V & L had the power to execute a mortgage to others or some other lien holder, for example a judgment or tax lien holder might have gained priority over plaintiff.

Therefore it was the duty of the defendants Haag or the Mortgage Company or both, or those acting for their behalf, to examine all indexes or records pertaining to the title of defendant V & L in and to the premises in question from on and after October 6, 1961, for liens or encumbrances upon the same.

While it may be prudent business practice for a grantor, taking back a purchase money mortgage, to deliver both the deed and the mortgage to the Recorder's office there is nothing in the law that would compel him to do so. Contrariwise, we abhor the thought of the Pandora's box of mischief that would or could be opened were the courts to adopt defendants' position and claim of equities.

In this regard there is nothing in the record, other than the facts stated, if there at all, to support defendants' argument that they are innocent parties and that plaintiff was crassly negligent in failing to forthwith file or cause to be filed defendant V & L's deed to the premises. We do not know who will suffer the loss. It is just as probable as not that the loss will not be suffered by any defendant in this case.

The loss arises by reason of defendant V & L's execution of a warranty deed to the Haags and the failure of them, or someone on their behalf, to check V & L's title in the manner that it was proper and prudent to do from the time title was vested in it.

*Judgment for plaintiff.*